# UNITED STATES DISTRICT COURT
### Eastern District of Virginia
### Richmond Division

F I L E D
OCT - 8 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA

v.

JOSHUA CLAYTON BRADY,
a/k/a Jacob Attlinger
Defendant.

Case Number: 3:13CR00127-001

USM Number: 79702-083

Defendant's Attorney: Mary E. Maguire, Esq.

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Two.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Counts |
|---|---|---|---|---|
| 18:912 | IMPERSONATING A FEDERAL OFFICER | Felony | 6/25/2013 | One & Two |

As pronounced on October 7, 2013, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Judgment Imposed this 7th day of October, 2013.

/s/
John A. Gibney, Jr.
United States District Judge

Dated: 10/8/13

Case Number: 3:13CR00127-001
Defendant's Name: BRADY, JOSHUA CLAYTON

## PROBATION

The defendant is hereby placed on probation for a term of FIVE (5) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of probation.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number: 3:13CR00127-001
Defendant's Name: BRADY, JOSHUA CLAYTON

# SPECIAL CONDITIONS OF SUPERVISION

While on probation pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the probation officer.
2) The defendant shall provide the probation officer with access to requested financial information.
3) The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, as directed by the probation officer.
4) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, including anger management, if deemed necessary, as directed by the Probation Officer.
5) The defendant shall pay the balance owed on any court-ordered financial obligations in monthly installments of not less than $25, starting 60 days after supervision begins until paid in full.
6) The defendant shall not use a computer without prior approval of the probation officer. The probation officer may authorize the defendant to use the computer to apply for jobs, but the defendant shall seek prior approval and follow any conditions set by the probation officer.

| | |
|---|---|
| Case Number: | 3:13CR00127-001 |
| Defendant's Name: | BRADY, JOSHUA CLAYTON |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
| | One | $100.00 | $0.00 | $0.00 |
| | Two | $100.00 | $0.00 | $0.00 |
| TOTALS: | | $200.00 | $0.00 | $0.00 |

## FINES

No fines have been imposed in this case.

Case Number: 3:13CR00127-001
Defendant's Name: BRADY, JOSHUA CLAYTON

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.