```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                     Richmond Division




THE UNITED STATES OF AMERICA,

                                       Plaintiff,

         versus                        3:13 CR 127

JOSHUA CLAYTON BRADY,

                                       Defendant




         Before:  HONORABLE JOHN A. GIBNEY, JR.
                United States District Judge




                    November 5, 2015

                   Richmond, Virginia




                 GILBERT F. HALASZ
                Official Court Reporter
                   U. S. Courthouse
                 701 East Broad Street
                  Richmond, VA 23219
```

appearances

Michael C. Moore, Esq.

Assistant United States Attorney

Micala McRae

Third year law student

for the United States

Mary E. Maguire, Esq.

Assistant United States Attorney

for the Defendant

The Defendant

in his own proper person

1          THE CLERK:  Case number 3:13 CR 127.

2          United States versus Joshua Clayton Brady.

3          Mr. Michael C. Moore and Micala McRae, third year

4     year law student admitted to practice, represent the

5     United States.

6          Ms Mary E. Maguire represents the defendant.

7          Are counsel ready to proceed?

8          MS McRAE:  Government is ready.

9          MS MAGUIRE:  Ready on behalf of Mr. Brady, Your

10    Honor.

11         THE COURT:  All right.

12         Let's hear from the United States on this.

13         Ms McRae.

14         MS McRAE:  Good morning, Your Honor, how are you?

15         THE COURT:  How are you?

16         MS McRAE:  Good.

17         THE COURT:  Have I had you in court before?

18         MS McRAE:  Yes, you have.

19         THE COURT:  Okay.

20         MS McRAE:  In moot court final last year.

21         THE COURT:  Okay.

22         MS McRAE:  Okay.

23         THE COURT:  You did well in both of them.

24         MS McRAE:  Thank you.

25         THE COURT:  I had that guy back there, too, didn't

```
 1    I?
 2           MS McRAE:  Yes.
 3           THE COURT:  He was in a trial class that I judged.
 4           MS McRAE:  Yes, Your Honor.
 5        We are here today on a petition on probation.
 6    Mr. Brady was placed on probation on March 23rd, 2015.
 7    He was charged with impersonating a federal officer,
 8    two counts, in violation of 18 U.S.C. section 912, a
 9    class C felony.
10        We are before The Court today on two violations.
11    The defendant, Mr. Brady, has admitted to the violation
12    of failure to notify the probation officer prior to
13    computer use.  And Mr. Brady will stipulate to the fact
14    regarding the second violation and leave it in The
15    Court's hands to determine whether it is a violation.
16        We are asking The Court today to continue this out
17    for six months pending good behavior, and then the
18    defendant will continue on supervision.  We are asking
19    The Court to place a special condition on the
20    defendant, and that there is a computer monitoring
21    system in place on his home computer.  And we are
22    asking The Court for that today.
23        Thank you.
24           THE COURT:  Well now, let me ask you this.
25        Mr. Brady, as I understand it, has enrolled at
```

Case 3:13-cr-00127-JAG   Document 48   Filed 11/28/16   Page 5 of 15 PageID# 131

1   John Tyler Community College.  And how do we make sure
2   Mr. Brady doesn't use the computers that are available
3   in the library over there?
4       MS McRAE:  Yes, Your Honor.  That was one of our
5   concerns.
6       THE COURT:  How do we make sure he doesn't do
7   that?
8       MS McRAE:  We talked to the probation officer and
9   we couldn't come with any idea how to monitor the
10  school computer.
11      THE COURT:  Does he have to register to use the
12  school computers?  I am sure he does.
13      MS McRAE:  I don't know that, Your Honor.
14      THE COURT:  We will deal with that in a minute.
15  Thank you.
16      MS McRAE:  Thank you.
17      THE COURT:  All right.
18      Mr. Brady -- Mrs. Maguire, is he in fact going to
19  admit the violation of -- which one is he going to
20  admit?
21      MS MAGUIRE:  Going to admit failure to notify the
22  probation officer prior to computer use.
23      THE COURT:  Okay.
24      MS MAGUIRE:  In terms of condition three, we would
25  stipulate to the fact as reflected in the petition.  I

1   think Mr. Brady is concerned about any admission there
2   is that -- he does not believe that he lied to his
3   probation officer, and so that is why we don't want to
4   admit to that violation.  But we would stipulate to the
5   fact that they are represented in the petition.
6         THE COURT:  All right.
7         Now, Mr. Brady, you and I have been through this
8   before.  And as you know, you are not required to admit
9   these violations.  You are not required to stipulate to
10  facts that would support a finding that you have
11  committed these violations.  You have every right to
12  insist that the probation officer get up and take the
13  oath and testify as to what it is that she believes you
14  have done.  And they can call any other witnesses they
15  want, for that matter.  If you want to do that, that is
16  fine. We will do that.  You know, it is okay with me.
17  And I won't hold that against you.  Or, you can admit
18  violation number one, the special condition of failure
19  to notify the probation officer, and stipulate that
20  there are facts sufficient to support a violation of
21  condition three, failure to answer truthfully.
22        Which is your desire, Mr. Brady?  Do you want to
23  go with what Mrs. Maguire said, or do you want to have
24  them put on evidence proving you guilty -- or not
25  guilty.  I don't mean to say that.

1                THE DEFENDANT:  Your Honor, my attorney and I
2    discussed this briefly before, and we have also
3    discussed this on the phone.  Absolutely.  Count number
4    one, I will admit to that.
5                I share in my attorney's concern and expressed to
6    her the issue with admitting that I wasn't here when I
7    was here.  Whether there is a lapse or miscommunication
8    or something between signing in at the probation
9    office, I was never asked to do so.  And I again, you
10   know, the facts in the petition do correctly state what
11   has taken place.  So I would leave it in The Court's
12   hands on count two.
13               THE COURT:  All right, Mr. Brady.
14               I personally don't believe what you just said, but
15   that is really -- as long as you are going to stipulate
16   to it, that is fine.
17               You may be seated.
18               All right.
19               Mrs. McRae, do you have anything to add as to the
20   finding, as to the sentencing in this matter?
21               MS McRAE:  No, Your Honor.  We would like it to be
22   on the record that the guideline range is seven to 13
23   months.
24               THE COURT:  Right.  The max of 24, is that right?
25               MS McRAE:  Yes, Your Honor.

1          THE COURT:  If I set him off for 24 months does he

2     have to do supervised release after that?

3          MS McRAE:  No.

4          THE COURT:  That would be the end of it --

5          MS McRAE:  Yes.

6          THE COURT:  -- as far as this court goes.

7          All right.

8          Mrs. Maguire, let's hear from you as to what

9     sanctions should be involved here.

10         MS MAGUIRE:  Your Honor, we are asking that The

11    Court follow the joint recommendation to The Court at

12    this time, which is to continue Mr. Brady on supervised

13    release, working with Ms Cantrel for the next six

14    months with the additional condition that computer

15    monitoring software be installed.  My understanding is

16    that the only computer at the home is his mother's lap

17    top computer, but there is no objection to installing

18    computer monitoring software on that.

19         In terms of what is happening at John Tyler,

20    Mr. Brady is taking notes just with a pen and paper for

21    his classes.  If things do need to be WORD processed or

22    typed up to be handed in, there is a center at John

23    Tyler where you can pay -- it is a pay service -- but

24    hand in handwritten notes and they will type it and

25    submit it electronically if that needs to be done for a

1    particular class.

2         In addition, if he is required to make a Power

3    Point presentation for a class he has been using the

4    assistance of other students and other people to assist

5    him with that process.  It is my understanding that if

6    he were to try to go to the library at John Tyler he

7    would have to present some kind of identification to

8    the reference clerk in order to log onto a computer

9    there.  So there would be a record or a log if he had

10   or was going to log into anything there.

11        I think another alternative, if The Court is

12   concerned about that, is -- and I could talk to

13   Mr. Brady and his mother, if possible -- but perhaps

14   what he could do is take his mother's lap top, which

15   would have the computer monitoring software on it, to

16   his classes at John Tyler and then there, obviously,

17   would be no need for, no concern to try to monitor

18   whether or not he is logging on to anything in the

19   library, because he would have a lop tap with him that

20   had the computer monitoring software on it.

21        THE COURT:  You know, our concern is not that he

22   is going to take notes with his computer.  The concern

23   is that he is going to commit crimes with his computer,

24   and if he is going to do that, he is not liable to

25   having this monitoring on his mother's computer while

1   he takes it to school.  Doesn't do us much good if he
2   gets on the ones in the computer room.  So what I am
3   going to do -- or in the library, rather.  What I am
4   going to do is ask the probation officer to advise the
5   librarian at the college, or whoever is in charge of
6   the library, that Mr. Brady is not to have access to
7   any computers.  If there is somebody else, if they have
8   a computer lab where he can go that is not part of the
9   library, I will instruct her to tell them as well.
10       All right?
11       Thank you very much.
12       MS MAGUIRE:  Thank you.
13       THE COURT:  All right.
14       Okay.  I will find that both of the violations
15  here -- I will find there is evidence sufficient to
16  find a violation of condition three, failure to answer
17  truthfully all queries of the probation officer and
18  follow the instructions of the probation officer.  And
19  I will find him guilty of that.
20       And he has admitted his failure to notify prior to
21  computer use.  And the evidence supports that as well.
22  Those are both grade C violations.
23       He has a criminal history category of five.  He
24  has a revocation range of seven to 13 months with a
25  statutory maximum of 24 months.

1     Here is what I am going to do.  Pursuant to the
2  probation officer's request I am going to continue this
3  case out six months.  We will get a date in a minute.
4  Or roughly six months.
5     And we will see how he does.  And we will also
6  impose the additional term of probation, which is that
7  there will be monitoring of his mother's -- of the
8  computer that is in the house.  And I am not going to
9  recite the lengthy term that there will be, but you
10 will get an order telling you what the monitoring is
11 and what you are supposed to do about it, Mr. Brady.
12    THE DEFENDANT:  Yes.
13    THE COURT:  And you are required to allow the
14 probation officer at any time to check the -- to
15 examine the computer.  And they can do that either by
16 coming to your house or by doing it remotely.  I am not
17 entirely sure how that works, but if they can do it
18 remotely, more power to them.  I think that this is
19 appropriate considering all the factors in 3553,
20 especially the history and characteristics of the
21 defendant.
22    Mr. Brady, you will be back here in six months.  I
23 am advised, Mr. Brady, that when you were in the
24 halfway house down at Newport News you bought some
25 materials or retail goods or something, used the credit

1    card of one of your fellow halfway house residents.
2    Now, Mr. Brady, you have been nothing but trouble ever
3    since this whole thing started, and it has been going
4    on for a long time.  You have been deceitful, and you
5    have whenever possible -- not whenever possible -- but
6    on a number of occasions have violated the directions
7    of your probation officer.
8         Because the government has recommended that we
9    continue this thing for six months, I am going to do
10   that.  I am going to see where we are at the end.  But
11   if it was up to me and I didn't have their suggestion
12   and input, I would sentence you to two years in prison
13   and then when you were done you wouldn't have
14   supervised release, because you have just misbehaved at
15   every stage of the -- at every stage of this
16   proceeding.
17        So, next time -- this is about the fourth time you
18   have been here, isn't it?  Fourth or fifth.  Next time
19   you are here you are not going out the back door, you
20   you are going out the side door.  And that takes to you
21   jail.  All right.
22        THE DEFENDANT:  Yes, sir.
23        THE COURT:  All right.
24        Is there somebody here who has driven you?
25        THE DEFENDANT:  Yes, sir.

1          THE COURT:  Okay.

2          Mr. Brady, the sentence -- what we are going to do

3  today is continue this for six months, and modify the

4  terms of your release.  So let's look six months out.

5  That would be April.  How about April 15th, Friday

6  April 15th -- we could do it on tax day -- to deal with

7  all the unpleasant stuff at one time.

8          MR. MOORE:  That is fine, Your Honor.

9          THE COURT:  All right with you, Mrs. Maguire?

10         MS MAGUIRE:  Yes, Your Honor.

11         THE COURT:  Well, let's schedule it at

12  9:00 o'clock.

13         MS MAGUIRE:  Actually, Your Honor, could we do it

14  later, only because, as you may know, Mr. Brady's step

15  father passed.  His mother is now a single mother, and

16  has a younger child at home she needs to get to school

17  in the morning.  If we could schedule it for about

18  10:30 that would be preferable.

19         THE COURT:  Well, I have got a pretty big final

20  pretrial conference at 10:00 o'clock that morning.  So

21  let's schedule it in the early afternoon.  I don't know

22  where his mother is.  She is not here.

23         Can we do it at 1:30?

24         MS MAGUIRE:  That would be fine.  If there is any

25  issue, I can advise The Court.

1            THE COURT:  Here is what I also want to you look

2     at, Mrs. Maguire.  If he is still in school in the

3     spring semester, find out when his classes are and we

4     will adjust things so that he doesn't have to miss

5     class.

6            Do you have something to say?

7            MS McRAE:  No, Your Honor.  Just standing up to

8     take notes and letting The Court know that 1:30 is

9     fine.

10           THE COURT:  Good.  Thank you very much.

11           All right, Mr. Brady.

12           This is -- I hope I don't see you again other than

13    to come in here, and for them to tell me you are doing

14    everything as well as possible.

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  All right.

17           THE DEFENDANT:  Also bring a copy of my grades up

18    to that point as well.

19           THE COURT:  You don't have to bring your grades.

20    If you are still in school, they are obviously good

21    enough.

22           Okay.  Anything else, Mrs. Maguire?

23           MS MAGUIRE:  No, Your Honor.

24           Thank you.

25           THE COURT:  Do I have to tell him to appeal this

Case 3:13-cr-00127-JAG   Document 48   Filed 11/28/16   Page 15 of 15 PageID# 141

15

1   one?  Okay.  Anything else?

2          MS McRAE:  No, Your Honor.

3          THE COURT:  All right.

4          Well, let's recess The Court.

5          Thank you, Ms McRae for a job well done, and Mrs.

6   Maguire.  Ms McRae, can you and the gentleman whose

7   name I have forgotten from T. C. Williams come back and

8   see me in chambers after we are done?  You can bring

9   along Mr. Moore if you want, if you are not embarrassed

10  to be seen with him.

11         Let's recess.

12

13         THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT.

14

15                  GILBERT FRANK HALASZ, RMR

16                    OFFICIAL COURT REPORTER

17

18

19

20

21

22

23

24

25