**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4621

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JOSHUA CLAYTON BRADY,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:13-cr-00127-JAG-1)

Submitted: March 23, 2017    Decided: March 30, 2017

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Mary E. Maguire, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Michael C. Moore, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court revoked Joshua Clayton Brady's probation and sentenced him to 30 months' imprisonment with 6 months' supervised release. Brady appeals. For the following reasons, we affirm.

We will affirm a revocation sentence if it falls within the statutory maximum and is not plainly unreasonable. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). Under this standard, we first consider whether the sentence is procedurally or substantively unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). A revocation sentence is procedurally reasonable if the district court considered the policy statements in Chapter Seven of the Sentencing Guidelines Manual, the policy statement range, and the 18 U.S.C. § 3553(a) (2012) factors identified in 18 U.S.C. § 3583(e) (2012). Padgett, 788 F.3d at 373. A sentence is presumed substantively reasonable if it falls within the policy statement range. Id. "Only if we find the sentence unreasonable must we decide whether it is plainly so." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted).

On appeal, Brady argues that the district court imposed a plainly unreasonable sentence because the district court undervalued his policy statement range, rejected the parties'

2

recommended sentence without adequate explanation, and imposed a sentence greater than necessary by giving insufficient weight to certain § 3553(a) factors. The record, however, shows that the district court evaluated the policy statement range, the parties' recommendation, and all the relevant § 3553(a) factors.

In light of those factors, the district court imposed a reasonable sentence. We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

AFFIRMED